*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID ROBERT SEASTROM,

        Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 343909
Kent Circuit Court
LC No. 17-009566-FH

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant, David Robert Seastrom, appeals by delayed leave granted his sentence for False Report/Making Terrorist Threat, MCL 750.543m. Defendant pleaded *nolo contendere* on February 19, 2018. On March 20, 2018, the trial court sentenced defendant to 5 to 20 years' imprisonment. We vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

Defendant applied for a job at a company in Kent County, Michigan, but the human resources department declined to hire him because of his criminal history. On October 2, 2017, at 8:00 p.m., defendant called the company's main line and left a message stating his displeasure about not being hired. Then on October 3, 2017, at 10:00 a.m., defendant contacted the business, again stating his displeasure about not being hired. However, he continued in a threatening voice: "I will f***ing kill you as you all walk out of work, just like they did in Vegas. You are all so f***ed, you don't even know who you're messing with." Defendant also left a message for an employee, stating several times, "I'll f*** you up, too, you little c***, you don't know who you're messing with." The company's employees feared that defendant would shoot them as they left the business. The company instituted a lockdown and informed the police, who stationed officers outside the business. Sheriff's deputies arrested defendant later at his home.

The prosecution charged defendant of violating MCL 750.543m and defendant agreed to plead no contest. At his sentencing, defense counsel explained that defendant made the calls during a time of extreme intoxication. The trial court permitted defendant to address the court and defendant explained that the police awakened him on the day of his arrest and he had no

-1-

recollection of what he had done. When he learned of his conduct, he felt embarrassed and disgusted with himself.

Defense counsel objected to the assessment of 50 points for Offense Variable (OV) 20, under MCL 777.49a(1)(b) on the ground that, to assess points for OV 20, the offender had to commit an act of terrorism. He argued that, because defendant only made a threat without an overt act, defendant should not be assessed any points. The prosecution argued that OV 20 permitted assessment of 50 points if an offender made a threat of making a terrorist act. The trial court considered both parties' arguments and the wording of OV 20. The trial court focused on the word "threatening" in the provisions that permitted assessing either 100 or 50 points and decided that the Legislature intended that a mere threat itself constituted an act of terrorism "as opposed to necessarily executing the threat." The trial court, therefore, agreed with the prosecution and assessed defendant 50 points. The trial court's sentencing guidelines scoring resulted in a minimum sentence range of 51 months to 85 months. Had the trial court not assigned defendant 50 points for OV 20, his minimum sentence range under the guidelines would have been 24-40 months.

## II. STANDARD OF REVIEW

For preserved sentencing guideline scoring errors, "the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id.* (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A scoring error that affects the guidelines range requires resentencing. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

## III. ANALYSIS

Defendant argues that the trial court erred by assessing him 50 points under OV 20 because his threats were not an *act* of terrorism and he claims that he is entitled to resentencing because of the sentencing guidelines scoring error. We agree.

Statutory interpretation requires giving effect to the Legislature's intent, which courts must ascertain by examining the statute's words' "ordinary meaning and the overall context in which they are used." *People v Flick*, 487 Mich 1, 10-11, 790 NW2d 295 (2010) (citations omitted). If the statutory language is unambiguous, trial courts must apply the statute as written. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). "Judicial construction under such circumstances is not permitted." *Id.* (citation omitted). "If the statute defines a term, that definition controls." *People v Wiggins*, 289 Mich App 126, 128; 795 NW2d 232 (2010).

OV 20, MCL 777.49a, provides, in relevant part:

(1) Offense variable 20 is terrorism. Score offense variable 20 by determining which of the following applies and by assigning the number of points attributable to the one that has the highest number of points:

-2-

\* \* \*

(b) The offender committed an act of terrorism without using or threatening to use a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device 50 points

(c) The offender supported an act of terrorism, a terrorist, or a terrorist organization ...................................................................................25 points

(d) The offender did not commit an act of terrorism or support an act of terrorism, a terrorist, or a terrorist organization .........................................0 points

OV 20 refers to the definition provided in MCL 750.543b to define the term "act of terrorism." See MCL 777.49a(2)(a). MCL 750.543b provides in relevant part:

(a) "Act of terrorism" means a willful and deliberate act that is all of the following:

(*i*) An act that would be a violent felony under the laws of this state, whether or not committed in this state.

(*ii*) An act that the person knows or has reason to know is dangerous to human life.

(*iii*) An act that is intended to intimidate or coerce a civilian population . . . .

(b) "Dangerous to human life" means that which causes a substantial likelihood of death or serious injury . . . .

\* \* \*

(g) "Terrorist" means any person who engages or is about to engage in an act of terrorism.

(h) "Violent felony" means a felony in which an element is the use, attempted use, or threatened use of physical force against an individual, or the use, attempted use, or threatened use of a harmful biological substance, a harmful biological device, a harmful chemical substance, a harmful chemical device, a harmful radioactive substance, a harmful radioactive device, an explosive device, or an incendiary device.

The plain language of MCL 777.49a(1)(b) requires that, to assess 50 points, the trial court must find that the offender committed "an act of terrorism without using or threatening to use" the enumerated substances or devices. The plain language of MCL 750.543b(a) requires a trial court to find (1) that the offender willfully and deliberately committed an act, (2) that the act itself constituted a "violent felony" as defined by subpart (h), (3) that the offender knew or had reason to know that the act was dangerous to human life as defined under subpart (b), and (4) that the offender intended the act to intimidate or coerce a civilian population. Under MCL 750.543b(b), to constitute an act "dangerous to human life," the conduct must cause a substantial likelihood of death or serious injury.

In *People v Osantowski*, 481 Mich 103; 748 NW2d 799 (2008), our Supreme Court considered the interplay of MCL 777.49a and MCL 750.543b(a) for the scoring of OV 20. In *Osantowski*, a jury convicted the defendant of making a terrorist threat in violation of MCL 750.543m for using his computer to send a series of e-mails to a girl in Washington State in which he threatened to commit mass murder at his high school with firearms and pipe bombs. *Id*. at 105. The girl reported the threats to her father, a law enforcement officer, who alerted local police in Michigan who searched and found weapons and bomb making materials. *Id*. at 105-106. At the defendant's sentencing, the prosecution argued for assessing 100 points for OV 20 because he threatened to use an incendiary or explosive device. The trial court disagreed on the ground that assessment of 100 points required finding that "the threats themselves also met the criteria to qualify as *acts* of terrorism. The court found that defendant's threats did not amount to acts of terrorism and that a score of zero points was appropriate for OV 20." *Id*. at 106. On appeal, this Court reversed and remanded to the trial court and directed it to assess 100 points for OV 20. *Id*.

The defendant sought review by our Supreme Court which granted leave to consider:

whether a score of 100 points is appropriate for offense variable 20 (OV 20), which addresses terrorism, when a defendant threatens to cause harm using certain substances or devices but his threats, themselves, do not constitute acts of terrorism as defined by MCL 750.543b(a). We conclude that scoring 100 points pursuant to MCL 777.49a(1)(a) is inappropriate under these circumstances because that statute plainly requires the offender to have "committed an act of terrorism by using or threatening to use" one of the enumerated substances or devices. [*Id*. at 105.]

Our Supreme Court explained that, although a defendant may take no action toward fulfilling his threats, threats alone can be an act of terrorism if all the elements of MCL 750.543b(a) are satisfied. It clarified that "not all threats are acts of terrorism, even if they qualify as violent felonies" and "[t]he distinction between bare threats of terrorism and threats that constitute acts of terrorism is also evident from the fact that each is a separately defined offense." *Id*. at 109. The Supreme Court explained:

Threats or false reports of terrorism are separately defined as 20-year felonies under MCL 750.543m, which provides in pertinent part:

-4-

(1)   A person is guilty of making a terrorist threat or of making a false report of terrorism if the person does either of the following:

(a)   Threatens to commit an act of terrorism and communicates the threat to any other person.

(b)   Knowingly makes a false report of an act of terrorism and communicates the false report to any other person, knowing the report is false.

Thus, an offender may *threaten* to commit an act of terrorism, MCL 750.543m(1)(a), without *committing* an act of terrorism or being guilty of terrorism, MCL 750.543b(a); MCL 750.543(f)(1). [*Id*. at 110.]

Our Supreme Court opined that the plain language of the statute required that a defendant's threats must also constitute an act of terrorism to justify scoring points for OV 20 because the Legislature intended "that *all* acts of terrorism involving the enumerated items must be scored, without regard to whether a particular act of terrorism consisted of actual use of an item or a mere threat to use the item." *Id*. It explained that

OV 20 meaningfully applies to convictions for threats and false reports under MCL 750.543m in at least two ways. First, the standard of proof applicable to the guidelines scoring process differs from the reasonable doubt standard underlying conviction of an offense. A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence. *People v Drohan*, 475 Mich 140, 142-143; 715 NW2d 778 (2006). A defendant may plead guilty—perhaps pursuant to a plea deal resulting from an original charge of terrorism—merely to making a terrorist threat, MCL 750.543m, or a jury may find him guilty beyond a reasonable doubt of such a threat. But, if a preponderance of the evidence supports a finding that the defendant's threat also constituted an act of terrorism, in the sentencing phase the court may impose a score of 50 or 100 points for OV 20. Second, OV 20 does not address only acts of terrorism. Rather, a defendant may receive 25 points if he "supported an act of terrorism, a terrorist, or a terrorist organization." MCL 777.49a(1)(c). Accordingly, a defendant convicted under MCL 750.543m merely of making a terrorist threat may receive points under OV 20 even if the record does not support a conclusion that he committed an act of terrorism; his threat may qualify as an act of support, justifying a score of 25 points. [*Id*. at 111.]

Our Supreme Court considered the nature of the defendant's threats of violence at a local high school and noted that the record reflected that the defendant succeeded only in sending e-mails to the girl in another state which ultimately resulted in the disruption of the school's activities. *Id*. at 111-112. The Supreme Court concluded that the defendant's threats did not constitute acts of terrorism for purposes of scoring OV 20. *Id*. at 112. Our Supreme Court accepted the trial court's ruling that the defendant did not commit an act of terrorism. *Id*.

To amount to an act of terrorism, the defendant had to know or have reason to know that the threats "were *themselves* 'dangerous to human life,' " or actually intend that his e-mailed

threats would "intimidate or coerce a civilian population . . . ." *Id*. Our Supreme Court held that the trial court's decision to assess zero points for OV 20 did not constitute clear error. *Id*. Therefore, it reversed this Court's judgment and reinstated the trial court's OV 20 score and original sentence.

The record in this case reflects that defendant made a threat to the company employees, apparently while intoxicated, by telephoning the company and leaving threatening voicemail messages. In interpreting MCL 777.49a, the trial court focused solely on the word "threatening" and concluded that defendant's threats alone constituted an act of terrorism. The trial court did not analyze defendant's conduct under MCL 750.543b(a) to determine whether it met the three-prong test required to determine if defendant committed an act of terrorism. The trial court did not determine whether a preponderance of the evidence in the record supported a finding under MCL 750.543b(a) that defendant's conduct consisted of an act of terrorism. As explained in *Osantowski*, the trial court needed to determine whether a preponderance of the evidence supported a finding that the defendant's threat also constituted an act of terrorism.

Based on the record in this case, defendant's threats themselves do not appear to satisfy all three of the elements of MCL 750.543b(a). A preponderance of the evidence does not support a finding that defendant knew or had reason to know that his action constituted conduct dangerous to human life as defined under subsection (b). Even if the record can be understood to support a finding that defendant intended to intimidate a civilian population, MCL 750.543b(a) requires evidence of all three elements to establish the commission of an act of terrorism. The record, viewed in its entirety, does not support a finding that defendant's conduct constituted an act of terrorism as defined by MCL 750.543b(a). The trial court erred in the sentencing phase by assessing defendant 50 points for OV 20. Therefore, a scoring error occurred that affected defendant's guidelines range. Consequently, defendant is entitled to have his sentence vacated and his case remanded for resentencing.

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford

-6-