# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EDWARD C. HINGA III,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2016

No. 325266
Van Buren Circuit Court
LC No. 14-019477-FC

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Edward C. Hinga III, appeals as of right his conviction, following a jury trial, of domestic assault, third offense. MCL 750.81(4). The trial court sentenced Hinga as a fourth-offense habitual offender, MCL 769.12, to serve 76 months to 30 years' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

The victim testified that she dated Hinga for approximately nine months before they had an argument that ended with Hinga dragging her into a bedroom, holding her down, and covering her mouth and nose while the victim attempted to fight him off. When the victim went to work the next day, she "started breaking down" and disclosed Hinga's conduct to coworkers, who told her to call the police. At trial, two other witnesses testified about prior instances in which Hinga had beaten and choked them.

After the jury found Hinga guilty of domestic assault, an investigating agent prepared a presentence investigation report (PSIR). The agent contacted the victim, who "stated she obtained counseling at church and had difficulty sleeping for three weeks after [Hinga] assaulted her." The victim was also sad and confused; the assault affected her life because she would now "tak[e] precaution from all men convicted or not," and she wanted no contact with Hinga. She favored a treatment program over incarceration because she believed Hinga's violence was related to his abuse of alcohol. In a later statement, the victim wrote that the assault affected her lifestyle "emotionally."

At sentencing, the trial court assessed Hinga 10 points under offense variable (OV) 4 on the basis that the assault caused the victim to suffer a serious psychological injury requiring professional treatment. Hinga now appeals.

-1-

## II. ANALYSIS

Hinga contends that the trial court improperly assessed 10 points under OV 4 because the victim's psychological injury was not sufficiently serious. We disagree.

When sentencing, the trial court must consult the sentencing guidelines and assess the highest amount of possible points for all offense variables. *People v Lockridge*, 498 Mich 358, 392 n 28; 870 NW2d 502 (2015). A preponderance of the evidence must support the trial court's determinations. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). This Court reviews the sentencing court's scoring of a sentencing guidelines variable for clear error. *Id*. A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). The proper interpretation and application of the sentencing guidelines is a question of law that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

The trial court must score 10 points for OV 4 if a "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). Whether the victim has sought treatment does not determine whether the injury may require professional treatment. MCL 777.34(2). "[T]he victim's expression of fearfulness is enough to satisfy the statute[.]" *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009). "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014).

We conclude that there was sufficient evidence that the victim felt unsafe and violated to support the trial court's assessment under OV 4. In this case, the victim stated that she had difficulty sleeping for three weeks after the offense and that the offense had an emotional impact on her life. She was sad and confused and actually sought treatment. The victim also stated that she would take precaution from all men in the future. While Hinga argues that the victim's injures were not serious enough in this instance, the seriousness of the victim's injury is not a determination that this Court makes de novo. The standard is clear error, and we are not definitely and firmly convinced that the trial court made a mistake.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray