# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 7, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

157245

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                              SC: 157245
                              COA: 341047
                              Berrien CC: 2017-001259-FH

JUAN DELAVONTE DAVIS,
      Defendant-Appellant.
_____/

      By order of October 19, 2018, the prosecuting attorney was directed to answer the application for leave to appeal the December 26, 2017 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Berrien Circuit Court, and REMAND this case to that court for resentencing. The circuit court clearly erred by assigning 50 points under Offense Variable 15 (OV 15), MCL 777.45. The guidelines variables are scored by reference to the record. *People v Osantowski*, 481 Mich 103, 111 (2008). The trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438 (2013). Given the small quantity of the controlled substance at issue, the absence of other indicia of possession with the intent to deliver, the uncontested evidence that the substance was found crushed in the defendant's pocket, his history of substance abuse as evidenced by the presentence investigation report, and the fact that he was not charged with delivery of a controlled substance, the record evidence preponderates in favor of the conclusion that the defendant possessed the controlled substance at issue for personal use, and not with "the intent to deliver . . . in this state," as is required by MCL 777.45(1)(d). Specifically, on this record, the evidence that the one pill at issue was crushed into fragments does not prove by a preponderance of the evidence that the defendant intended to transfer the controlled substance to another individual regardless of remuneration. See MCL 777.45(2)(a). Because the deduction of points erroneously assigned under OV 15 affects the defendant's guidelines range, he is entitled to resentencing. *People v Francisco*, 474 Mich 82 (2006).

      We do not retain jurisdiction.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 7, 2018



a1204

                          Clerk