*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 9, 2022

Plaintiff-Appellee,

v

No. 357780
Ottawa Circuit Court

TORIBIO YUNIOR BRITO,

LC No. 18-042225-FC

Defendant-Appellant.

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant, Toribio Yunior Brito, appeals by delayed leave granted[1] the trial court's order on remand reassessing 10 points under Offense Variable (OV) 4. Defendant pleaded guilty to one count of armed robbery, MCL 750.529; and one count of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 168 months to 30 years' imprisonment on the charge of armed robbery.[2] Defendant appealed his sentence, arguing that the trial court improperly scored OV 4 based on one victim's statements. *People v Brito*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2020 (Docket No. 349054), p 1.

## I. BACKGROUND

In our prior decision we stated the facts and our conclusions as follows:

On February 14, 2018, defendant, acting in concert with another individual, approached two men outside a home in Polkton Township, Michigan for the purpose of robbing them. Defendant pointed a gun at one of the men, Hugo

---

[1] *People v Brito*, unpublished order of the Court of Appeals, entered October 14, 2021 (Docket No. 357780).

[2] The trial court sentenced defendant to 24 months, with credit for 199 days served, on the felony-firearm count, which was to be served consecutive to defendant's sentence for armed robbery.

-1-

Hernandez-Santiz, and demanded "anything that they had." The second victim with Hernandez-Santiz was Mauricio Gasca-Moreno.

Defendant stood two to three feet away from Hernandez-Santiz, who gave defendant a cell phone and cash. Defendant also admitted to law enforcement that he witnessed Moise, his codefendant, shoot Gasca-Moreno in the leg. After being shot, Gasca-Moreno was taken to his room inside the home, where he and another man, Maximo Cruz-Ponce, were held at gunpoint by one of the perpetrators while another searched the room. Gasca-Moreno suffered no property loss; Cruz-Ponce's money, cell phone, gold necklace, and tablet were taken. Defendant admitted to law enforcement that he took a cell phone from the residence. As a result of this incident, defendant was charged with armed robbery and felony-firearm. Defendant pled guilty to each count…

The trial court erred when it assessed 10 points for OV 4 based on the victim impact statement provided by Gasca-Moreno, as the psychological injuries of which he complained in his victim impact statement related solely to the shooting committed by Moise, not the armed robbery committed by defendant. However, defendant's participation in the armed robbery of Cruz-Ponce might reasonably support the scoring of OV 4 against defendant. A person is guilty of robbery who, in the course of committing a larceny, "uses force or violence *against any person who is present*, or . . . puts the person in fear . . . ." MCL 750.530(1) (emphasis added).

Accordingly, we reverse the trial court's scoring of OV 4 and remand this matter for the trial court to consider whether Cruz-Ponce's victim impact statement might support the scoring of OV 4 against defendant. *Id.*at 1-7.

On remand, the trial court issued a written opinion finding, in relevant part: "the statement of victim Cruz-Ponce that he has [been] 'scared thinking always of them coming back. When I hear noises, I feel like they are back.'" The trial court further found that "[n]ot only does Cruz-Ponce have scared thinking, but 'scared thinking *always*' of the robbers coming back. When the victim hears noises, the victim thinks the robbers are back. The victim's 'scared thinking always'----all the time---is sufficient to be considered serious psychological injury." (emphasis in original).

The trial court concluded: "[a]s directed by the Court of Appeals, this court has considered whether the victim impact statement of Cruz-Ponce supports the scoring of OV 4 at 10 points in sentencing the defendant, and finds that it does support that scoring." This appeal ensued.

## II. ANALYSIS

On appeal, defendant argues that the trial court violated defendant's constitutional rights to be sentenced on accurate information as there was insufficient evidence to score points for OV

4. Specifically, defendant faults the trial court for using cases decided prior to our Supreme Court's decision in *People v Hardy*, 494 Mich 494 Mich 430; 835 NW2d 340 (2013).[3]

As stated in *Hardy*, a trial court's assignment of points for a sentencing guidelines variable is reviewed for clear error. Id. at 438. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. *Id.*

Information used to score sentencing guidelines must be accurate. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). If the trial court bases its sentence on inaccurate information and the sentence falls within the minimum sentencing guidelines range, the defendant is entitled to be resentenced. *Id*. at 88-89. A trial court may determine sentencing guidelines variables by reference to the record. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Michigan's rules of evidence do not apply at sentencing. MRE 1101(b)(3); *People v McFarlane*, 325 Mich App 507, 535; 926 NW2d 339 (2018). Instead, the court reviews sentencing variables for a preponderance of the evidence. *Osantowski*, 481 Mich at 111.

This Court has held that a trial court may assess 10 points for OV 4, MCL 777.34, "if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). On the other hand, experiencing fear during a crime, without any other showing of psychological harm, is not sufficient to assess 10 points under OV 4. *People v White*, 501 Mich 160, 164; 905 NW2d 228 (2017). Further, a trial court may not assume that a victim suffered serious psychological harm just because the person was a victim of a certain type of crime. *Id*. at 163.

Defendant is correct that in both *White* and *People v Lampe*, 327 Mich App 104, 114; 933 NW2d 314 (2019), this Court stated that fear created solely during the offense does not suffice for scoring 10 points under OV 4. "However, the scoring of OV 4 cannot be based on the assumption that people *typically* suffer psychological injury when they are victims of the type of crime in question; and while relevant, a victim's fear *during* the crime does not by itself justify the scoring of OV 4." *Lampe*, at 114. (emphasis in original). But those are not the facts found in the record of this case. Here, the trial court found that the victim was always in fear of the defendant's return, that his fear was not fleeting or arose only when defendant engaged in the actions that led to his convictions. Further, the victim stated that whenever he heard noises he is fearful that he will be subjected to harm as it signals to him the possibility of the defendant's return. Additionally the trial court held that "not only does [the victim] have scared thinking, but 'scared thinking *always*' . . . all the time . . . "

---

[3] Acknowledging that *Hardy* deals with the factors to be considered when scoring OV 7, defendant's emphasis on *Hardy* is found in his argument that our Supreme Court has rejected the abuse of discretion standard and the "any evidence" test that this Court may have applied in the past when reviewing the proper scoring of Offense Variables. We concur with defendant as to the proper standard of review in such cases but disagree as to whether there was sufficient evidence to justify the trial court's scoring of OV 4.

On this record, we conclude that the trial court did not clearly err by finding by a preponderance of the evidence that the victim's fear and feeling of being unsafe continued beyond the robbery itself. Therefore, the trial court appropriately assessed 10 points for OV 4. Further, because the trial court used accurate information in calculating the sentencing guidelines, resentencing is not required.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray