*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

FOR PUBLICATION
June 23, 2022
9:00 a.m.

v

ROOSEVELT JOHNSON,

Defendant-Appellant.

No. 358038
Kalamazoo Circuit Court
LC No. 2019-000798-FC

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

RONAYNE KRAUSE, P.J.

Defendant, Roosevelt Johnson, appeals by leave granted[1] his sentence for first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b) (victim less than 16 years of age and related to defendant). Defendant entered a plea of no contest, and the trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 22 to 35 years' imprisonment. Defendant challenges the trial court's assessment of 10 points for offense variable (OV) 3 (physical injury to victim). We affirm.

## I. BACKGROUND

This case stems from an incident in mid-June 2013[2] in which defendant engaged in unprotected sexual intercourse with his 13-year-old daughter, JJ. Within a day or two of the rape, JJ's grandmother found JJ having unprotected intercourse with JJ's then-15-year-old boyfriend and promptly took JJ for an evaluation by a sexual assault nurse examiner (SANE). No evidence of physical injury was observed, but forensic specimens were gathered through an evidence specimen collection kit. JJ did not disclose defendant's rape during the examination. JJ was given emergency contraceptive medication and several prophylactic medications to protect against sexually transmitted disease. The boyfriend was not charged, so the evidence kit specimens were

---

[1] *People v Johnson*, unpublished order of the Court of Appeals, entered October 4, 2021 (Docket No. 358038).

[2] The exact date is not known, but is believed to be either June 15 or June 16, 2013.

not processed at that time. However, in 2016, the kit was processed as part of a statewide effort to reduce the number of untested sexual assault evidence kits. Testing of JJ's kit revealed that the DNA found in and on her was from two donors: the boyfriend and defendant. In 2017, an investigation was opened, and JJ described the rape by her father for the first time. Defendant was arrested in Tennessee, apparently following some difficulty in locating him, and extradited to Michigan.

Defendant entered a plea of no contest to the charge of CSC-I, claiming that he lacked memory of committing the rape because he had been intoxicated at the time. At his sentencing hearing, defendant challenged, in relevant part, the scoring of 10 points for OV 3, arguing that JJ's SANE exam revealed no evidence of physical injury. The trial court assessed the 10 points, explaining that, although the victim was taken to have the SANE evaluation because of a sex act involving someone other than defendant, defendant had raped her shortly beforehand. Therefore, had the victim disclosed the rape by defendant at the time, she would have been taken for the same exam and would have been given the same medical treatment. Although defendant raised other sentencing challenges below, he does not pursue any of those other challenges on appeal.

## II. STANDARD OF REVIEW AND PRINCIPLES OF LAW

A trial court's assessment of points for a sentencing guidelines variable is reviewed for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "The trial court's findings are clearly erroneous if, after we have reviewed the entire record, we are definitely and firmly convinced that it made a mistake." *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

Information used to score sentencing guidelines must be accurate. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "[I]f a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon." *Id*. at 88. Defendant does not argue that his sentence was not within the appropriate guidelines range.[3] "A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

## III. ANALYSIS

Defendant argues on appeal that the trial court did not use accurate information when sentencing defendant because the facts of the case were insufficient to assess 10 points for OV 3. He also argues that a score of zero points for OV 3 would reduce his minimum sentencing guidelines range, so this Court must remand to the trial court for resentencing. We disagree.

---

[3] We note that defendant's minimum sentence of 22 years (i.e., 264 months) would be within the resulting appropriate guidelines range even if the 10 points assessed for OV 3 were to be deducted.

OV 3 designates the number of points to be scored for physical injury to a victim. MCL 777.33(1). The statute requires an assessment of 10 points when the victim suffered "[b]odily injury requiring medical treatment," MCL 777.33(1)(d), five points when the victim suffered "[b]odily injury not requiring medical treatment," MCL 777.33(1)(e), and zero points when the victim suffered no physical injury, MCL 777.33(1)(f). "Whether an injury required medical treatment depends on whether the treatment was necessary, not on whether the victim successfully obtained treatment." *Armstrong*, 305 Mich App at 246. See also MCL 777.33(3). A victim need not have actually sought medical treatment, even if the treatment was deemed necessary. *People v Maben*, 313 Mich App 545, 551; 884 NW2d 314 (2015). In *Maben*, for example, when the defendant challenged scoring of OV 3 on the basis of disputed evidence regarding treatment following an assault by strangulation, this Court stated that "it was not necessary to establish that [the victim] actually went to the hospital." *Id*.

This Court has defined "bodily injury" as including "anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). In the context of a sexual assault, a resulting pregnancy or infection would each constitute "bodily injury." *Id*. In *People v Barnes*, 332 Mich App 494, 500; 957 NW2d 62 (2020), this Court held that the CSC victim suffered a bodily injury requiring medical treatment when a SANE nurse administered emergency contraception and medication to prevent sexually transmitted infections. This Court upheld the trial court's assessment of 10 points for OV 3. *Id*.

Defendant relies extensively on this Court's opinion of *People v Erickson*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2005 (Docket No. 252485). Defendant's argument is meritless for several reasons, including the fact that unpublished opinions are not binding authority and are not even entitled to deference under the doctrine of stare decisis. See MCR 7.215(C)(1). Defendant specifically relies on the following passage:

> the court found that the scoring of ten points was appropriate under OV 3 because the [sexual assault] victim went to the hospital, received a rape kit, was on pain medication, and had bruises. However, the record lacks any evidence to suggest that the victim required medical treatment. Dr. Ralph Olechowski testified that the victim's pain was not treated and that she did receive medication. The victim also made no reference to treatment received for any of her injuries or to any request for pain medication during her testimony. Finally, the attending nurse testified that the victim described only an uncomfortable feeling when asked about the swelling in her face. The trial court thus erred in assessing ten points for the scoring of OV 3. [*People v Erickson*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2005 (Docket No. 252485), unpub op at pp 2-3.]

The context suggests a typographical error regarding the doctor's testimony, and the victim did *not* receive medication. Nevertheless, even if no typographical error was present, the essential point was that there was no evidence that the victim in *Erickson* needed medical treatment. Defendant makes much of the implication that receiving a rape kit is not "medical treatment." However, that argument is irrelevant, because the treatment the victim needed in this case was prophylactic medication to prevent pregnancy or sexually transmitted disease, which, as noted, has been held in a published opinion to support an assessment of 10 points for OV 3. *Barnes*, 332

Mich App at 500. We find no conflict between *Erickson* and *Barnes* because the evidence regarding the treatment received *and needed* by the victims was meaningfully different. However, even if the cases disagreed, the holding in *Barnes* would necessarily prevail. Defendant's reliance upon *Erickson* is misplaced.

Defendant nevertheless argues that because JJ's SANE report offered no evidence of physical trauma or injury, the facts fail to meet the element of *bodily injury* requiring medical treatment. In *Barnes*, the victim was also found to have two areas of tenderness in her genital area, although "the nurse could not testify with medical certainty that these injuries were the result of the sexual assault." *Barnes*, 332 Mich App at 500. Nevertheless, this Court extensively cited "a long line of unpublished cases," the weight of which it found persuasive,[4] in support of its conclusion that the prophylactic medical treatment given to the victim fell under OV 3. *Id*. at 500 n 2. Notably, in several of those cases, a panel of this Court had upheld assessments of 10 points under OV 3 where the only necessary medical treatment was the provision of prophylactic medication against potential pregnancy or disease. See *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued August 9, 2018 (Docket No. 335014), unpub op at p 4; *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued November 20, 2014 (Docket No. 317066), unpub op at p 4; *People v Atchinson*, unpublished per curiam opinion of the Court of Appeals, issued June 10, 2010 (Docket No. 291671), unpub op at p 3. We conclude that this Court in *Barnes* implicitly adopted the conclusion—which, as noted, does not conflict with *Erickson*—that the administration of prophylactic medication to prevent pregnancy or disease following a sexual assault is sufficient by itself to require assessment of 10 points for OV 3.

The facts in this matter are unusual in that the victim was treated for an unprotected sex act with someone other than defendant. Nevertheless, for purposes of assessing points under OV 3, the distinction is immaterial. Defendant raped the victim close enough in time to the sex act involving her boyfriend that defendant's DNA was still found on the forensic specimen. It is beyond any conceivable doubt that the victim would have minimally received the exact same treatment had defendant's act of raping her been discovered contemporaneously. Either way, the victim required medical treatment because of an illegal, unprotected sexual penetration to prevent pregnancy and disease. It is only relevant that she *required* treatment after defendant raped her, not whether she immediately received treatment or was taken for the treatment involuntarily for another effectively-contemporaneous sexual encounter. See *Maben*, 313 Mich App at 551; *Armstrong*, 305 Mich App at 246. To the extent defendant argues that the trial court engaged in improper speculation whether any physical injury would have been revealed if the examination had been conducted a few days earlier, that argument is irrelevant under the circumstances.

Because the trial court properly assessed 10 points for OV 3, it is unnecessary for us to

---

[4] Although an unpublished opinion has no precedential value, this Court may follow the opinion if it finds the reasoning persuasive. MCR 7.215(C)(1); *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

address defendant's argument regarding his proper minimum sentence guidelines range.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates