*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW ALLEN LEBLANC,

Defendant-Appellant.

UNPUBLISHED
December 12, 2024
10:24 AM

No. 369364
Washtenaw Circuit Court
LC No. 21-000299-FH

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant, Matthew Allen LeBlanc, appeals as of right his sentences for his convictions of two counts of second-degree criminal sexual conduct (CSC-II) with a person under 13 years old, MCL 750.520c(1)(a). The jury found defendant not guilty of an additional count of CSC-II. The trial court sentenced defendant to serve concurrent sentences of 57 months to 15 years in prison for the two convictions. On appeal, defendant argues that he is entitled to resentencing because the trial court considered acquitted conduct when it scored Offense Variable (OV) 13, and this error aggravated defendant's recommended minimum sentence range under the sentencing guidelines. For the reasons stated in this opinion, we vacate the sentences imposed by the trial court and remand for resentencing.

## I. BASIC FACTS

Defendant was charged with three counts of CSC-II, MCL 750c(1)(a) for the sexual abuse of GH. At trial, GH testified that in approximately 2016, when she lived in a trailer in Ypsilanti, she would wake up at night and see defendant standing over her bed. She testified that she felt defendant touch her leg, back, thigh, butt, and "private part"[1] with his hands. She did not know exactly how many times defendant came into her room at night and touched her, but she estimated

---

[1] Although unclear from the record, when asked to clarify what her "private part" was, GH appears to motion toward her vagina.

that it occurred every night for a week and a half. The jury convicted defendant of two counts of CSC-II and acquitted him of the third count.

At sentencing, defendant raised several alleged errors, including a challenge to the trial court's assessment of 25 points for OV 13. Defendant argued that OV 13 should be assessed zero points because he was only convicted of two counts of CSC-II. In response, the prosecutor argued that sufficient evidence was presented at trial to account for all three of the charged counts of CSC-II under OV 13, and it did not matter if the offense resulted in a conviction. After hearing arguments from both parties, the trial court found that "there is evidence of the three" and determined that OV 13 was correctly assessed at 25 points.

With an assessment of 25 points under OV 13, defendant's total OV score was 45 points, placing him at OV Level IV, and his Prior Record Variable (PRV) score was 20 points, placing him at PRV Level C. See MCL 777.64. Defendant's minimum sentencing guidelines range for CSC-II as a Class C felony was 29 to 57 months. MCL 777.16y; MCL 777.64. The trial court sentenced defendant to serve 57 months to 15 years in prison. Had the trial court assessed OV 13 at zero points, defendant's total OV score would have been 20 points, and his minimum sentencing guidelines range would have been 12 to 24 months in prison. MCL 777.64.

This appeal followed.

## II. STANDARD OF REVIEW

We review for clear error a trial court's findings in support of particular score under the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The prosecution bears the burden to establish the facts in support of a score by a preponderance of the evidence. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Whether the facts are adequate to satisfy the scoring conditions prescribed by statute is a question of statutory interpretation, which we review de novo. *Hardy*, 494 Mich at 438.

## III. SENTENCING

Defendant argues that he is entitled to resentencing on the basis that the trial court considered acquitted conduct when determining his sentences. We agree.

OV 13 of the sentencing guidelines is scored for a "continuing pattern of criminal behavior." MCL 777.43(1). The sentencing guidelines dictate a score of 25 points for OV 13 when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]" MCL 777.43(1)(c). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, *shall* be counted *regardless of whether the offense resulted in a conviction*." MCL 777.43(2)(a) (emphasis added). Accordingly, the trial court may consider uncharged or dismissed conduct when scoring OV 13.

However, under *Beck*, a defendant is presumed innocent of any charge of which a jury has specifically found the defendant not guilty, and the trial court cannot consider such acquitted conduct as an aggravating factor at sentencing. *People v Beck*, 504 Mich 605, 609; 939 NW2d 213 (2019). In *Beck*, the Supreme Court explained that, unlike dismissed charges or uncharged conduct, once a defendant is acquitted of a crime, a defendant is presumed innocent of that crime,

and "conduct that is protected by the presumption of innocence may not be evaluated using the preponderance-of-the-evidence standard without violating due process." *Id*. at 627. "[A] sentencing court may not rely even in part on acquitted conduct when imposing a sentence for the defendant's conviction." *People v Stokes*, 333 Mich App 304, 310; 963 NW2d 643 (2020). Still, trial courts retain discretion to consider *uncharged* conduct for which a jury has made no finding. *People v Beesley*, 337 Mich App 50, 62; 972 NW2d 294 (2021).

In this case, the prosecutor charged defendant with three identical counts of CSC-II for conduct that occurred in Saline and/or Ypsilanti, Michigan. The testimony at trial was unclear regarding how many times defendant may have abused GH and where the abuse occurred. GH testified that she did not know exactly how many times defendant came into her room at night and touched her, but she estimated that it happened every night for a week and a half. She also testified that the abuse only occurred in Ypsilanti. The jury ultimately convicted defendant of two counts of CSC-II and acquitted him of the third. Review of the sentencing hearing shows that the trial court expressly relied on the three *charged* offenses—including the acquitted offense—to score OV 13 at 25 points:

> *Mr. Amadeo* [defense counsel]: My next challenge, Your Honor, would be OV 13.
>
> *The Court*: Okay.
>
> *Mr. Amadeo*: Which is scored at 25. I scored it at zero. There is no gang activity. There is no pattern of three offense against the person or property. I do understand the People are going to say there were three counts, but I think it's important to note that he was only convicted of two counts.
>
> *The Court*: Right.
>
> * * *
>
> *Mr. Amadeo*: And I think it should be zero based upon that. Again, it's your discretion, Judge, but I don't think this rises to three just based on the jury's verdict itself.
>
> *The Court*: Mm-hm.
>
> *Mr. Amadeo*: It is completely judicial discretion based upon the charges. I also think it's unfair to the defendant if he wasn't convicted of three, why he should get those 25 points on 13.
>
> *The Court*: Ms. Broughton?
>
> *Ms. Broughton* [the prosecutor]: And, Your Honor, I would agree with probation that 25 points were correctly scored. OV 13 says count all crimes within a five-year period, including the sentencing offense and it says regardless of whether there was a conviction. In this case, Your Honor, the People found it's sufficient evidence to charge *three counts* of CSC[-]II. I believe that there was

evidence that would allow us to *count the three counts* of CSC[-]II *for purposes of finding these 25 points* and *I would stress again that it doesn't matter that the offense resulted in a conviction under the law*.

   *The Court*: Okay. And having heard this case, I do believe that there is evidence of *the three*. I think what it was wanting for in the verdict, at least my understanding, would be having listened to it, we weren't sure where it happened.

   *Ms. Broughton*: Correct.

   *The Court*: Whether *they were all three at the one location*, which I believe, I'm going from memory within the township and then another—and then, the second venue within Washtenaw County. So, OV 13 will be 13 scored at 25. [Emphasis added.]

The exchange between the trial court and the parties shows that the prosecution asked the trial court to rely on the three charged counts of CSC-II to calculate the score for OV 13. The trial court, speculating that the jury may have acquitted defendant of the third CSC-II count over the locations of the assaults, refers only to "the three" and "all three" counts to score OV 13. Accordingly, the trial court expressly punished defendant as if he were convicted of all three counts of CSC-II in contravention of *Beck*. See *Beck*, 504 Mich at 609.

As previously noted, had the trial court scored OV 13 at zero points, defendant's minimum sentencing guidelines range would have been 12 to 24 months in prison. See MCL 777.64. The trial court sentenced him above this range. Because the trial court impermissibly considered acquitted conduct to increase defendant's sentence, defendant is entitled to resentencing. See *Beck*, 504 Mich at 629-630. See also *People v Francisco*, 474 Mich 82, 89 n 8, 89-90; 711 NW2d 44 (2006) (stating that resentencing is required when there was a scoring error and it altered the appropriate guidelines range). Therefore, we vacate defendant's sentence and remand for resentencing consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

         /s/ Michael F. Gadola
         /s/ Kirsten Frank Kelly
         /s/ James Robert Redford