*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEVEN KENNETH WAGNER,

Defendant-Appellant.

UNPUBLISHED
August 29, 2025
8:52 AM

No. 372282
St. Clair Circuit Court
LC No. 24-000295-FH

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

In this sentencing appeal, defendant Steven Kenneth Wagner contends the trial court erroneously assessed 25 points under Offense Variable 13 for engaging in a pattern of felonious criminal activity involving three or more crimes against a person. He argues—and the prosecutor concedes—that the record demonstrates only two predicate acts, and thus resentencing is required. We agree, vacate defendant's sentence, and remand for resentencing.

A jury convicted defendant of several sexual crimes involving his stepdaughter: second-degree criminal sexual conduct, MCL 750.520c(2)(b) (person less than 13, defendant 17 or older); accosting a child for immoral purposes, MCL 750.145a; and two counts of indecent exposure, MCL 750.335a. It, however, acquitted him of another criminal sexual conduct charge, MCL 750.520c(1)(b) (relationship with victim between 13 and 15), and a third indecent exposure charge.

At issue is the trial court's findings concerning Offense Variable (OV) 13, which accounts at sentencing for a defendant's "continuing pattern of criminal behavior." MCL 777.43(1). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). And here, the trial court found—over defendant's objection—that a 25-point assessment was appropriate under MCL 777.43(1)(c), which applies when a defendant's "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." In support of this finding, it recalled aspects of the victim's testimony "suggest[ed] that there were multiple instances of touching" that qualified under OV 13, including conduct not charged. The prosecutor agreed: "[T]he victim in this case indicated that there were numerous instances of

touching or other comments and things, conduct that could have been charged or rise to the level of other crimes against a person [under OV 13]." So the trial court included OV 13's 25 points when calculating defendant's guidelines score and ultimately sentenced him to 4 to 15 years for his second-degree criminal sexual conduct conviction, 2 to 4 years for his accosting conviction, and 12 months for his indecent exposure convictions. Defendant appeals.

"A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). This Court reviews a sentencing court's factual determinations for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A trial court's findings of fact are clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake." *People v Carlson*, 332 Mich App 663, 666; 958 NW2d 278 (2020).

As the prosecutor concedes, the trial court's three-crimes finding underlying its OV 13 assessment was clearly erroneous. This is so, because the victim testified that defendant touched her breasts on only two instances, and because the trial court could not hold the jury's acquittal on the other criminal sexual conduct charge against defendant for purposes of assessing OV 13. See *People v Boukhatmi*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 363998); slip op at 5-7. And, because the trial court relied on this assessing error to determine defendant's guidelines score and ultimate sentence (again, as conceded by the prosecutor), defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006).

For these reasons, we vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock