*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ELIJAH JAMES KIBBE,

Defendant-Appellant.

UNPUBLISHED
November 12, 2024
2:43 PM

No. 365206
Crawford Circuit Court
LC No. 2021-004808-FH

Before: JANSEN, P.J., and RICK and PATEL, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of possession of methamphetamine, second or subsequent offense, MCL 333.7403(2)(b)(*i*); MCL 333.7413(1). Defendant was sentenced to serve 21 months to 20 years' imprisonment. Defendant appeals by right, challenging the assessment of 10 points for offense variable (OV) 19 and his counsel's failure to object to the assessment. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant was a passenger in a vehicle that was stopped for multiple moving violations. A search of the vehicle uncovered a utility box with two padlocks. Defendant denied ownership of the box; however, the keys to the padlocks were found in defendant's pocket. Defendant told the police officer that he found the keys on the seat of the car and that one key was the driver's house key. The utility box contained methamphetamine and drug paraphernalia. Defendant and the driver were arrested for possession of methamphetamine. The driver's charge was dropped shortly after arrest.

Defendant was convicted of possession of methamphetamine. Following trial, the court ordered that defendant contact the Department of Corrections to begin the sentencing process. Defendant failed to appear at two presentence investigation interviews and then failed to appear for sentencing, causing a bench warrant to be issued. Defendant was eventually arrested. At sentencing, the prosecutor argued that 10 points should be assessed for OV 19, and defense counsel agreed that assessing 10 points for OV 19 was appropriate. The trial court assessed 10 points for

OV 19, which resulted in a doubled guidelines minimum sentence range of 0 to 34 months under MCL 333.7413(1). The trial court sentenced defendant to 21 months to 20 years' imprisonment.

## II. OV 19

To the extent that defendant argues that the trial court erred in scoring OV 19, this issue is waived in light of counsel's affirmative agreement to the assessment of 10 points for OV 19 at sentencing. See *People v Biddles*, 316 Mich App 148, 166; 896 NW2d 461 (2016). Nonetheless, we will address the merits of defendant's claim. Because defendant did not raise the issue of OV 19 scoring at sentencing, in a motion for resentencing, or in a motion to remand, this issue is unpreserved. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). "An unpreserved objection to the scoring of offense variables is reviewed for plain error." *People v Odom*, 276 Mich App 407, 411; 740 NW2d 557 (2007). When reviewing an unpreserved claim of error, this Court must determine whether an error occurred, whether the error was plain, i.e., clear or obvious, and whether the plain error affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted only if the error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id*. at 763-764.

The trial court's factual determinations at sentencing must be supported by a preponderance of the evidence. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Factual determinations at sentencing are reviewed for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error occurs if "the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnso*n, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted).

OV 19 is scored if there was a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. The trial court must assess 10 points if the defendant "interfered with or attempted to interfere with the administration of justice . . . ." MCL 777.49(c). Under OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense to assess points. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010). This Court has determined that "the plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013).

In this case, the trial court gave two reasons to assess 10 points for OV 19. First, defendant chose to speak to the police officer and was "dishonest and untruthful." Second, defendant failed to comply with the presentencing interview process and failed to appear at the original sentencing hearing, requiring the court to use judicial and law enforcement resources to find him.

### A. MISLEADING A POLICE OFFICER

Defendant argues that the trial court erred by assessing 10 points OV 19 for misleading a police officer because his statement denying ownership of the box did nothing more than remaining silent would have done.

Interference with the administration of justice "encompasses more than just the actual judicial process," and includes interfering with a police officer's attempt to investigate a crime. *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004). However, denial of culpability without "something more" is not enough to be an interference or attempt to interfere with the administration of justice. *People v Deweerd*, 511 Mich 979, 980; 990 NW2d 864 (2023). Assessment of points for OV 19 is appropriate for "conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *Sours*, 315 Mich App at 349. Statements beyond denying allegations and statements intending to deceive the police are an interference with the administration of justice. *People v Muniz*, 343 Mich App 437, 455; 997 NW2d 325 (2022).

Defendant argues that his statements to the police officer were only maintaining his innocence and the statements did not interfere with the police investigation. The record does not support defendant's argument. Defendant told the police officer that he had never seen the box, and that the keys were only in his pocket because he found them on the seat of the car. He also told the officer that one key on the key ring was the driver's house key. The box contained dog tags engraved with defendant's name and date of birth, and playing cards with his name written on two of the cards. The handwriting on the exterior of the box was similar to the handwriting on the cards. In sum, defendant made statements to the police officer "diverting suspicion onto others and away from him." *People v Ericksen*, 288 Mich App 192, 204, 793 NW2d 120 (2010). These facts support the court's finding that defendant had "legally possessed" the box, intended to deceive the police officer, and did something more than merely denying culpability.

## B.  FAILURE TO APPEAR

Defendant argues that there is no obligation to assist in the preparation of the presentence investigation report, so his failure to appear for the interview cannot be used against him. To support this argument, defendant cites *People v Wright*, 431 Mich 282, 295; 430 NW2d 133 (1988), which held that a defendant's Fifth Amendment right to be protected from self-incrimination continues during the period between conviction and sentencing. However, *Wright* is inapplicable to this case. Defendant was instructed after the jury trial that he was required to meet with the Department of Corrections. Defendant did not appear at the interview and remain silent; instead, he did not appear at the interview at all. Moreover, defendant did not attend the initially-scheduled sentencing hearing, causing a bench warrant to be issued and judicial and law enforcement resources to be expended to hold him accountable for his conviction. Therefore, OV 19 was properly scored.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant primarily argues that defense counsel was ineffective because he failed to object to the assessment of 10 points for OV 19. Defendant's ineffective-assistance argument is not preserved because defendant did not move for a new trial or evidentiary hearing in the trial court, see *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or file a motion for remand for a

*Ginther*[1] hearing in this Court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).  Therefore, our review is limited to mistakes apparent from record.  See *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018).

The United States and Michigan Constitutions guarantee criminal defendants the right to counsel, and this includes the right to the effective assistance of counsel.  US Const, Am VI; Const 1963, art 1, § 20.  See *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012).  To establish a claim of ineffective assistance of counsel, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance there is a reasonable probability that the outcome would have been different."  *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).  However, "[c]ounsel is not ineffective for failing to advance a meritless position or make a futile motion."  *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014).  As previously discussed, assessing 10 points for OV 19 was not erroneous and was supported by the record.  Defense counsel did not provide ineffective assistance by failing to make a meritless or futile objection.

Affirmed.

/s/ Kathleen Jansen
/s/ Michelle M. Rick
/s/ Sima G. Patel

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).